# In the United States District Court for the Southern District of Georgia Brunswick Division

| | | |
|---|---|---|
| ERIC DOVE, | * | |
| Plaintiff, | * | |
| v. | * | CV 213-163 |
| CHARLES FRANCIS GRANTIER and CRETE CARRIER CORP., | * | |
| Defendants. | * | |

## ORDER

This matter comes before the Court on Plaintiff Eric Dove's ("Plaintiff's") failure to comply with several Court orders requiring that he respond to the Motion for Summary Judgment filed by Defendants Charles Francis Grantier ("Grantier") and Crete Carrier Corporation ("Crete Carrier"). For the following reasons, the Court finds that Plaintiff has failed to prosecute his claims and, therefore, **DISMISSES** this action **without prejudice** at this time. Accordingly, Defendants' Motion for Summary Judgment (dkt. no. 32) is **DISMISSED as moot.**

### FACTUAL BACKGROUND

On May 17, 2012, Plaintiff was involved in an automobile accident with Defendant Grantier, an employee of Defendant Crete Carrier, in Kingsland, Georgia. Dkt. No. 1-1, ¶¶ 8-9.

Plaintiff filed suit against Defendants in the Superior Court of Camden County on October 1, 2013, id. at pp. 4, 6, and Defendants removed the action to this Court on November 15, 2013, dkt. no. 1. Plaintiff seeks damages from Defendants, alleging that Defendant Grantier was negligent in causing the accident and Defendant Crete Carrier is vicariously liable for Defendant Grantier's actions. Dkt. No. 1-1, ¶¶ 8-12.

On July 2, 2014, Plaintiff's counsel filed a Motion to Withdraw as counsel of record, see dkt. nos. 25, 28, which the Court granted in an Order dated September 22, 2014, dkt. no. 31. In that Order, the Court directed that all subsequent correspondence and filings be served upon Plaintiff at his residence. See Dkt. No. 31. In addition, the Court stayed all deadlines in this case for a period of sixty days to permit Plaintiff time to retain new counsel. Id. However, as of the date of this Order, no counsel has entered an appearance on Plaintiff's behalf.

On January 15, 2015, Defendants filed a Motion for Summary Judgment. Dkt. No. 32. The Court issued a Notice on January 16, 2015, which advised Plaintiff of his obligation to respond to Defendants' Motion for Summary Judgment on or before February 8, 2015, or else face possible dismissal of his claims. Dkt. No. 33. Specifically, the Court's Notice stated as follows:

> Federal Rule of Civil Procedure 56 governs summary
> judgment motions. You should consult this rule as
> well as the Local Rules for the Southern District of
> Georgia, especially Local Rule 56.1. Pursuant to
> Rules 5 & 6 of the Federal Rules of Civil Procedure, a
> response is due within <u>21 days</u> of service, if proper
> service was made by <u>hand delivery</u>. IF YOU DO NOT
> RESPOND AS DIRECTED IN THIS NOTICE, THE COURT MAY
> ENTER A FINAL JUDGMENT AGAINST YOU WITHOUT A FULL
> TRIAL OR ANY OTHER PROCEEDINGS.

<u>Id.</u> Notwithstanding this instruction, Plaintiff did not file any response in opposition to Defendants' Motion for Summary Judgment, or otherwise notify the Court of his intent not to oppose such Motion, by the designated deadline.

On April 10, 2015, the Court entered an Order directing Plaintiff to show cause, within fourteen days, why he had failed to file a response to Defendants' Motion for Summary Judgment, as instructed by the Court's Notice. Dkt. No. 34. Significantly, the Court forewarned Plaintiff that a failure to demonstrate good cause for his nonresponse could result in a dismissal of his claims. <u>Id.</u> Nevertheless, to date, Plaintiff has not filed a response to the Court's show cause Order.

## DISCUSSION

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. <u>Coleman v. St. Lucie Cty. Jail</u>, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and <u>Betty K</u>

AO 72A
(Rev. 8/82)

3

Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

A dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)). Accordingly, a court may impose such a sanction only

upon "(1) concluding a clear record of delay or willful contempt exists; and (2) making an implicit or explicit finding that lesser sanctions would not suffice." Id. at 626; see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, a dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802-03.

Plaintiff has not engaged in such a "clear pattern of willful contempt" so as to warrant a dismissal of his claims with prejudice at this time. Cf. Thomas, 170 F. App'x at 624 & n.1, 626 (upholding a dismissal with prejudice, where the plaintiff had engaged in a "clear pattern of willful contempt" by ignoring four court orders to file an amended complaint and failing to appear at two mandatory conferences). Nevertheless, Plaintiff neglected to respond in any way to Defendants' Motion for Summary Judgment by the February 8, 2015, deadline, as required by Local Rule 7.5 and the Court's Notice. See Local R. 7.5 ("Unless these rules or the assigned Judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time

shall be twenty-one (21) days after service of the motion.");
Dkt. No. 33. Further, Plaintiff disregarded the Court's
unequivocal instruction to show cause for his failure to respond
within fourteen days of the April 10, 2015, Order. See Dkt. No.
34. Importantly, Plaintiff failed to make the requisite filings
despite the Court's repeated warnings that such conduct could
result in a dismissal of this case. See Dkt. Nos. 33-34.

Now roughly seven months past the deadline for responding
to Defendants' Motion for Summary Judgment, and almost five
months past the deadline to show cause, Plaintiff still has not
submitted these or any other filings and has not contacted the
Court at any time. Under these circumstances, a dismissal
without prejudice for failure to prosecute is warranted. See,
e.g., Jenkins v. Bedard, No. 2:12-CV-74-FTM-29UAM, 2013 WL
6182091, at *1 (M.D. Fla. Nov. 25, 2013) (action subject to
dismissal for failure to prosecute where pro se plaintiff failed
to respond to defendants' motion for summary judgment and to
court's related show cause order); Mahon v. White, No. CIV.A.
12-0658-KD-C, 2013 WL 3513045, at *1 (S.D. Ala. July 11, 2013)
(same); Torrence v. Picerne Dev., No. 5:10-CV-412 CAR, 2012 WL
689853, at *2 (M.D. Ga. Mar. 2, 2012) (same); cf. Pierce v. City
of Miami, 176 F. App'x 12, 15 (11th Cir. 2006) (reversing a
dismissal for failure to prosecute where the plaintiff had not
responded to a motion for summary judgment but had "responded to

the order to show cause one day after the time period expired, and explained that he had not received the order until then").[1]

**CONCLUSION**

Based on the foregoing, Plaintiff's Complaint (dkt. no. 1-1) is hereby **DISMISSED without prejudice** for failure to prosecute. Accordingly, the Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

---

[1] The Court notes that "where the statute of limitations will bar future litigation of an action dismissed without prejudice," the dismissal operates "as if it was with prejudice." Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014) (citing Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. 1981)). While Georgia recognizes a two-year statute of limitations for personal injury actions, see O.C.G.A. § 9-3-33, Georgia's renewal statute permits a plaintiff to refile certain actions outside the limitations period, see id. § 92-2-61(a). Specifically, the renewal statute provides that when a plaintiff files a cause of action within the applicable statute of limitations and later discontinues or dismisses the case, he may then refile it "either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." Id. § 9-2-61(a). Relevant here is that "[i]t is well-established that a dismissal by the trial court for want of prosecution is deemed a voluntary dismissal for purposes of O.C.G.A. § 9-2-61(a)," such that the plaintiff may later refile his claims outside the limitations period in accordance with the renewal statute. White v. KFC Nat'l Mgmt. Co., 493 S.E.2d 244, 245-46 (Ga. Ct. App. 1997) (citing Swartzel v. Garner, 387 S.E.2d 359 (Ga. Ct. App. 1989), Fowler v. Aetna Cas. & Sur. Co., 283 S.E.2d 69 (Ga. Ct. App. 1981), and Douglas v. Kelley, 158 S.E.2d 441 (Ga. Ct. App. 1967))(finding that the trial court's dismissal of the plaintiff's negligence claims without prejudice for failure to prosecute was a "voluntary dismissal" permitting the plaintiff to refile his claims after the limitations period expired). Thus, notwithstanding the passage of time since the accident giving rise to Plaintiff's tort claims, Georgia law provides for the refiling of these claims outside the limitations period following a dismissal for want of prosecution. Accordingly, this case does not present any statute of limitations concerns that might impact the prejudicial effect of this ruling.

The Clerk of Court is further **DIRECTED** to serve a copy of this Order upon Plaintiff.

**SO ORDERED,** this 22ND day of September, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA